## APPEAL OF ARGENTINE IMPORT AND EXPORT CORPORATION.

Docket No. 2233.    Submitted May 4, 1925.    Decided June 24, 1925.

The taxpayer and the Sun Trading Co., Inc., were not affiliated for the year 1919.

*Russell D. Morrill, Esq.*, for the taxpayer.
*Percy S. Crewe, Esq.*, for the Commissioner.

Before IVINS and MORRIS.

This appeal is from a deficiency of $6,641.53 in income and profits taxes for the calendar year 1919, arising from the Commissioner's disallowing the affiliation of the taxpayer with the Sun Trading Co., Inc., for that year. From the pleadings and documentary evidence the Board makes the following

### FINDINGS OF FACT.

The taxpayer was a corporation organized under the laws of New York with its principal office at New York City. Louis Vignolo and Francesco Badino, who owned all the stock, except one qualifying share held by Carlos Falk, were citizens and residents of the Argentine Republic. Falk was president and a director and had for several years been the United States manager of the company's business. In 1918 it was determined to operate the business through the medium of two corporations, which resulted in the incorporation of the Sun Trading Co., Inc., of which Falk was vice president, treasurer, and a director.

During the year 1919 the entire issued and outstanding stock of the taxpayer and the Sun Trading Co., Inc., was 1,000 and 750

shares of common stock, respectively, of a par value of $100. The record holders of the stock of the two corporations during that entire year, and the number of shares held as of record by each, were as follows:

| Record holders | Argentine Import and Export Corporation | Sun Trading Co., Inc. |
|---|---|---|
| | *Shares* | *Shares* |
| Louis Vignolo | 500 | 184 |
| Francesco Badino | 499 | 185 |
| Carlos Falk | 1 | 190 |
| William K. Leech | | 190 |
| H. Remington | | 1 |
| Total | 1,000 | 750 |

The stock of the Sun Trading Co., Inc., was issued in the following manner: The taxpayer paid a cash dividend of $37,000, which was immediately turned in to the Sun Trading Co., Inc., which issued therefor 184 shares to Vignolo, 185 shares to Badino, and 1 qualifying share to H. Remington. For the 190 shares issued in Falk's name he advanced $3,000 for the account of the Argentine stockholders, which they subsequently repaid to him, and he also gave 16 promissory notes dated July 30, 1918, and payable August 1, 1919, in the amount of $1,000 each. All of the notes were in the following form:

$1000.00.                              NEW YORK CITY, *July 30, 1918.*

On or before the 1st day of August, 1919, for value received I promise to pay to the order of Sun Trading Co., Inc., One Thousand Dollars ($1000.00) and I deposit and pledge herewith as collateral, ten shares, certificate #22 of the capital stock of Sun Trading Co., Inc., with authority to sell the same at public or private sale on nonperformance of this promise, and without notice, and with the right of the holder or holders of this note to become purchasers at such sale, dividends on the said stock to belong to the undersigned maker thereof, prorata from the date of the payment of said note, any preceding balance of such dividend to revert to the holder of this note, the maker of this note, however, to have the right to vote said stock unless and until such sale.

                                                            C. FALK.
Witness:
        C. KELLNER.

No interest was ever paid upon said notes, nor was any part of the principal of said notes ever demanded or paid. The entire $16,000 of stock issued against said notes was at all times in the possession of the Sun Trading Co., Inc.

One hundred and ninety shares were issued in the name of William K. Leech, who subscribed therefor under an oral agreement with Falk that he pay $1,000 for 10 shares and give his promissory notes, aggregating $18,000, for the balance; that said promissory notes

should be paid by Leech from his share of the profits of the business, but that he would not be required to pay said notes except to that extent. Each of the said notes, with the exception of the numbers of the stock certificates pledged and the signature, was in the same form and terms as the note hereinabove set forth. No interest was ever paid upon said notes nor was any part of the principal ever demanded or paid. The 180 shares of stock issued in Leech's name against said notes remained at all times in the possession of the Sun Trading Co., Inc.

Falk and Leech voted the stock standing in their names.

The business of the Sun Trading Co., Inc., proved unprofitable and the company was liquidated in September, 1920. The aforesaid notes of Falk, aggregating $16,000, and of Leech, aggregating $18,000, were canceled. The net assets of the company available for distribution among the stockholders amounted to $16,173.47, the company having lost in its operations $24,826.53 of the $41,000 cash originally paid in for its stock. Of such $16,173.47, $394.48 (10/410) was paid to Leech, $39.44 (1/410) to Remington, and $15,739.55 (399/410) to Vignolo and Badino. Falk received no part of the net assets.

The taxpayer filed a consolidated return with the Sun Trading Co., Inc., for the year 1919. The Commissioner disallowed the affiliation and determined the deficiency against the taxpayer in the amount hereinabove set forth, from which this appeal is taken.

DECISION.

The determination of the Commissioner is approved.

OPINION.

MORRIS: The sole question involved in this appeal is whether the taxpayer and the Sun .Trading Co., Inc., were affiliated for the year 1919. The taxpayer contends that the stock issued to Falk and Leech for their notes was illegally issued, being in violation of sections 53 and 55 of the New York Stock Corporation Law, should be disregarded in determining the question of affiliation, and that in any event an affiliation existed after August 1, 1919, the due date of the notes.

The pertinent provisions of section 240 of the Revenue Act of 1918 read as follows:

SEC. 240. (a) That corporations which are affiliated within the meaning of this section shall, under regulations to be prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income and invested capital for the purposes of this title and Title III, and the

taxes thereunder shall be computed and determined upon the basis of such return: * * *.

\*      \*      \*      \*      \*      \*      \*

(b) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

It is apparent from the above-quoted provisions that if the 340 shares of stock of the total of 750 shares outstanding issued to Falk and Leech for notes are disregarded, the taxpayer and the Sun Trading Co., Inc., were affiliated for the year 1919, and if such stock is taken into consideration, no affiliation existed. The taxpayer does not question the bona fides of the transaction. Falk conceived the idea and supervised the incorporation of the new company, was vice president and a director thereof and active in its management. He and Leech were the record holders of a majority of the outstanding stock of the Sun Trading Co., Inc., and as such, and under their agreement with that company, were entitled to vote the same and did vote it. They exercised all the rights of stockholders. Even though there might have existed as between the parties certain defenses in the event of refusal of the makers to pay and an attempt to recover on the notes, or even though Falk and Leech might have been restrained from voting the stock, no such action was taken. They continued as record holders of the stock and exercised the control pertaining to such ownership throughout the period in question.

The taxpayer contends that if any ownership or control of stock was vested in Falk or Leech prior to August 1, 1919, it was forfeited on that date because, under the terms of the notes, upon default in the payment thereof, the Sun Trading Co., Inc., had the absolute right to sell the stock held as collateral at public or private sale without notice to the makers. This argument is untenable, however, because the notes further provide that the makers have the right to vote the stock "unless and until such sale." No such sale was made on August 1, 1919, or at any time during that year. The forfeiture of the voting rights could, under the terms of the agreement, only take place when the stock was sold for failure to make the required payments on the notes. Although no payments were made, the Sun Trading Co., Inc., did not exercise its right to sell the stock, and therefore the power to vote the same remained in Falk and Leech. The notes were finally canceled in 1920 at the time of the dissolution of the corporation.

It is our opinion, therefore, that substantially all of the stock of the taxpayer and the Sun Trading Co., Inc., was not owned or

controlled by the same interests during the year 1919, and that the action of the Commissioner in denying affiliation must be approved.